# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RIGOBERTO RODRIGUEZ
c/o 519 H Street NW
Washington, DC 20001

RAMON MENBRENO
c/o 519 H Street NW
Washington, DC 20001

ANA GOMEZ FUENTES
c/o 519 H Street NW
Washington, DC 20001

     Plaintiffs,

v.

1301 RESTAURANT VENTURES, INC.
d/b/a LUNA GRILL & DINER DC
1301 Connecticut Avenue NW
Washington, DC 20036

INDIA PALACE, LLC
d/b/a TAJ OF INDIA
2809 M Street NW
Washington, DC 20007

SHAHJAHAN MIA
2810 Joseph Makell Court
Alexandria, VA 22306

    Defendants.

Civil Action No. _____

**COMPLAINT**

## COMPLAINT

1.     While Plaintiffs worked at Defendants' restaurants, Defendants committed multiple wage violations. Defendants: (1) failed to pay Plaintiffs overtime wages by paying them the same hourly rate across all hours worked, including overtime hours; (2) paid Plaintiffs less than the D.C. minimum wage; (3) did not pay Plaintiffs wages for their last three weeks of work; (4) did not pay Plaintiff Gomez Fuentes "split shift" wages; and (5) ignored their obligation to provide Plaintiffs with paid safe and sick leave.

2.     Plaintiffs bring this action against 1301 Restaurant Ventures, Inc., India Palace, LLC, and Shahjahan Mia ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, overtime, and split shift wages, and for Defendants' failure to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

### Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5.     Plaintiff Rigoberto Rodriguez is an adult resident of the District of Columbia.

6.     Plaintiff Ramon Menbreno is an adult resident of the District of Columbia.

7.     Plaintiff Ana Gomez Fuentes is an adult resident of the District of Columbia.

8.     Defendant 1301 Restaurant Ventures, Inc. is a District of Columbia corporation. It does business as Luna Grill & Diner DC. Its principal place of business is located at 1301 Connecticut Avenue NW, Washington, DC 20036. Its registered agent for service of process is Neng-Hsiang Wang, 606 7th Street SW, Washington, DC 20024.

9.     Defendant India Palace, LLC is a District of Columbia limited liability company. It does business as Taj of India. Its principal place of business is located at 2809 M Street NW, Washington, DC 20007. Its registered agent for service of process is Shahjahan Mia, 1820 California Street NW, Washington, DC 20009.

10.    Defendant Shahjahan Mia is an adult resident of Virginia. He resides at 2810 Joseph Makell Court, Alexandria, VA 22306. He is an owner and officer of Defendant 1301 Restaurant Ventures, Inc. He is also an owner and member of India Palace, LLC. He exercises control over the operations of 1301 Restaurant Ventures, Inc. and India Palace, LLC — including their pay practices.

11.    Defendants Shahjahan Mia and 1301 Restaurant Ventures, Inc. own and operate the restaurant "Luna Grill & Diner DC," or simply, "Luna Grill," located at 1301 Connecticut Avenue NW, Washington, DC 20036.

12.    Defendants Shahjahan Mia and India Palace, LLC own and operate the restaurant "Taj of India," located at 2809 M Street NW, Washington, DC 20007.

**Factual Allegations Specific to Plaintiff Rodriguez**

13.    Plaintiff Rodriguez worked at Luna Grill from approximately September 1, 2017 through approximately March 18, 2020.

14.    Plaintiff Rodriguez worked at Luna Grill as a kitchen laborer.

3

15.     Plaintiff Rodriguez's job duties at Luna Grill primarily consisted of preparing food, cooking food, and cleaning his workstation.

16.     Plaintiff Rodriguez typically and customarily worked seven days per week.

17.     Plaintiff Rodriguez typically and customarily worked approximately sixty-five hours per week.

18.     At all relevant times, Defendants paid Plaintiff Rodriguez by the hour.

19.     Defendants paid Plaintiff Rodriguez approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Sep. 01, 2017—Jan. 31, 2020 | $14.00 |
| Feb. 01, 2020—Mar. 18, 2020 | $16.00 |

20.     At all relevant times, Defendants paid Plaintiff Rodriguez the same regular hourly rate across all hours worked, including overtime hours.

21.     At all relevant times, Defendants did not pay Plaintiff Rodriguez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22.     At all relevant times, Defendants paid Plaintiff Rodriguez by check.

23.     At all relevant times, Defendants split Plaintiff Rodriguez's pay between two checks, so as to conceal the fact that Plaintiff Rodriguez worked more than forty hours per week.

24.     Additionally, Defendants did not pay Plaintiff Rodriguez anything for the work he performed from approximately March 2, 2020 through approximately March 18, 2020.

25.     Defendants owe Plaintiff Rodriguez approximately $26,000.00 in regular and overtime wages (excluding liquidated damages).

26.     Finally, Defendants never provided Plaintiff Rodriguez with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

27.     Plaintiff Rodriguez lost wages in 2017, 2018, 2019, and 2020 because he was sick.

28.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Rodriguez approx-imately $1,000.00 in lost wages and compensatory damages.

29.     Defendants should have provided Plaintiff Rodriguez with 2 days of paid leave in 2017, 3 days of paid leave in 2018, 3 days of paid leave in 2019 and 1 day of paid leave in 2020.

30.     For Defendants' failure to provide paid leave, Defendants also owe Plaintiff Rodriguez $4,500.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

### Factual Allegations Specific to Plaintiff Menbreno

31.     Plaintiff Menbreno worked at Luna Grill from approximately 2016 through approximately March 15, 2020.

32.     Plaintiff Menbreno worked at Luna Grill as a kitchen laborer.

33.     Plaintiff Menbreno's job duties at Luna Grill primarily consisted of washing dishes, and occasionally, preparing and cooking food.

34.     Plaintiff Menbreno typically and customarily worked seven days per week.

35.     Plaintiff Menbreno typically and customarily worked approximately fifty-three hours per week.

36.     At all relevant times, Defendants paid Plaintiff Menbreno $11.50 per hour.

37.     At all relevant times, Defendants paid Plaintiff Menbreno the same regular hourly rate across all hours worked, including overtime hours.

38.     At all relevant times, Defendants did not pay Plaintiff Menbreno overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

39.     At all relevant times, Defendants paid Plaintiff Menbreno by check.

40.     At all relevant times, Defendants split Plaintiff Menbreno's pay between two checks, so as to conceal the fact that Plaintiff Menbreno worked more than forty hours per week.

41.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Menbreno the applicable D.C. minimum wage.

42.     D.C. law required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

43.     Additionally, Defendants did not pay Plaintiff Menbreno anything for the work he performed from approximately February 24, 2020 through approximately March 15, 2020.

44.     For Plaintiff Menbreno's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $25,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

45.     Finally, Defendants never provided Plaintiff Menbreno with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

46.     Plaintiff Menbreno lost wages in 2017, 2018, 2019, and 2020 because he was sick.

47.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Menbreno approximately $900.00 in lost wages and compensatory damages.

48.     Defendants should have provided Plaintiff Menbreno with 1.60 days of paid leave in 2017, 3 days of paid leave in 2018, 3 days of paid leave in 2019, and 0.75 days of paid leave in 2020.

49.     For Defendants' failure to provide paid leave, Defendants also owe Plaintiff Menbreno $4,175.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

**Factual Allegations Specific to Plaintiff Gomez Fuentes**

50.     Plaintiff Gomez Fuentes worked at Taj of India from approximately September 1, 2018 through approximately March 22, 2020.

51.     Plaintiff Gomez Fuentes worked at Taj of India as a dishwasher.

52.     Plaintiff Gomez Fuentes's job duties at Taj of India primarily consisted of washing dishes, cutting vegetables, and cleaning the kitchen. She also occasionally helped to unload deliveries.

53.     Plaintiff Gomez Fuentes typically and customarily worked six days per week.

54.     Plaintiff Gomez Fuentes typically and customarily worked approximately sixty-four hours per week.

55.     At all relevant times, Defendants paid Plaintiff Gomez Fuentes a semimonthly salary.

56.     Defendants paid Plaintiff Gomez Fuentes approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Sep. 01, 2018–Sep. 16, 2018 | $800.00 | $10.26 |
| Sep. 17, 2018–Aug. 31, 2019 | $1,100.00 | $7.93 |
| Sep. 01, 2019–Mar. 22, 2020 | $1,150.00 | $8.29 |

57.     At all relevant times, Defendants paid Plaintiff Gomez Fuentes by check, with no accompanying paystub.

58.     Plaintiff Gomez Fuentes typically and customarily worked more than forty hours per workweek for Defendants.

59.     At all relevant times, Defendants paid Plaintiff Gomez Fuentes the same effective hourly rate across all hours worked.

60.     At all relevant times, Defendants did not pay Plaintiff Gomez Fuentes overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

61.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Gomez Fuentes the applicable D.C. minimum wage.

62.     D.C. law requires that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

63.     Additionally, Defendants did not pay Plaintiff Gomez Fuentes for her "split shifts."

64.     Plaintiff Gomez Fuentes typically and customarily worked both the lunch and dinner shifts.

65.     From Tuesday through Friday, Defendants required Plaintiff Gomez Fuentes to take a two-hour lunch break.

66.     Defendants were required to pay Plaintiff Gomez Fuentes an additional hour at the applicable D.C. minimum wage for each day she worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996).

67.     Defendants never paid Plaintiff Gomez Fuentes for a "split shift."

68.     Plaintiff Gomez Fuentes worked approximately 316 "split shifts."

69.     Defendants owe Plaintiff Gomez Fuentes $4,301.00 (excluding liquidated damages) in "split shift" wages.

70.     In total, Defendants owe Plaintiff Gomez Fuentes approximately $45,500.00 in regular, minimum, and overtime wages (excluding liquidated damages).

71.     Finally, Defendants never provided Plaintiff Gomez Fuentes with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

72.     Plaintiff Gomez Fuentes lost wages in 2018, 2019, and 2020 because she was sick.

73.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Gomez Fuentes approximately $600.00 in lost wages and compensatory damages.

74.     Defendants should have provided Plaintiff Gomez Fuentes with 1.5 days of paid leave in 2018, 3 days of paid leave in 2019, and 1 day of paid leave in 2020.

75.    For Defendants' failure to provide paid leave, Defendants also owe Plaintiff Gomez Fuentes $2,750.00 — $500.00 of statutory for each accrued day of leave denied, regardless of whether she took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

### Factual Allegations Common to All Plaintiffs

76.    Upon information and belief, Defendant Shahjahan Mia participated in the decisions to hire Plaintiffs.

77.    Defendant Shahjahan Mia participated in the decisions to set Plaintiffs' work schedule.

78.    Defendant Shahjahan Mia participated in the decisions to set Plaintiffs' rate and manner of pay.

79.    Defendant Shahjahan Mia often signed Plaintiffs' checks.

80.    At all relevant times, Defendants had the power to hire and fire Plaintiffs.

81.    At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

82.    At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

83.    At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

84.    At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the D.C. minimum wage.

85.    At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

86.    At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs extra compensation for working a "split shift."

87.    At all relevant times, Defendants were aware that they were legally required to provide Plaintiffs with paid sick leave.

88.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

89.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

90.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

91.     At all relevant times, Defendants had employees who handled food products, such as chicken, rice, and vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

92.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

93.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

94.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

95.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

96.     Defendants' violations of the FLSA were willful.

97.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

98.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

99.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

100.    The DCMWA required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

101.    The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

102.    Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

103.    Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

104.    Defendants violated the DCMWA by knowingly failing to pay Plaintiff Gomez Fuentes one additional hour at the D.C. minimum wage when she worked a "split shift."

105.    Defendants' violations of the DCMWA were willful.

106.    For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum, overtime, and split shift wages, an amount equal to three times the unpaid minimum, overtime, and split shift wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

107.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

108.    Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

109.    The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

110.    The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

111.    For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

112.    Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including regular, minimum, overtime, and split shift wages.

113.    Defendants' violations of the DCWPCL were willful.

114.    For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

115.    Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

116.   Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

117.   The ASSLA requires that employers provide the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

118.   Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

119.   For Defendants' violations of the ASSLA, Defendants owe Plaintiffs $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

120.   For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, statutory damages, compensatory damages, punitive damages, Plaintiffs' reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$405,663.80**, and grant the following relief:

    a.    Award Plaintiffs $386,000.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.        unpaid D.C. minimum, overtime, and split shift wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.       unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs $13,925.00, consisting of the following:

      i.        $2,500.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii.        $11,425.00 in statutory damages, or $500.00 for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,338.80);

e.      Award Plaintiffs court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: August 19, 2020                         Respectfully submitted,

                                              /s/ Justin Zelikovitz
                                              JUSTIN ZELIKOVITZ, #986001
                                              DCWAGELAW
                                              519 H Street NW
                                              Washington, DC 20001
                                              Phone: (202) 803-6083
                                              Fax: (202) 683-6102
                                              justin@dcwagelaw.com

                                              *Counsel for Plaintiffs*